UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IVORY JACKSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05CV323 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Movant Ivory Jackson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed February 22, 2005. (Doc. No. 1).

## BACKGROUND

By way of background, on December 11, 2003, Movant entered a guilty plea to a one-count indictment, charging Movant with the crime of knowingly and intentionally possessing with the intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and punishable under 21 U.S.C. § 841(b)(1)(B). The Plea Agreement recommended a base offense level of 30, under U.S.S.G. § 2D1.1(c)(5). The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for his conduct under Section 3E1.1 of the Sentencing Guidelines. The parties thus estimated a total offense level of 27. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report.

The Plea Agreement contained the following provisions regarding Movant's waiver of post-conviction rights:

(1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights to appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742. However, in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to: any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea; and, whatever sentence is imposed, any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court, except that the parties reserve the right to appeal from any Chapter 5 upward or downward departure from the Guidelines range if such departure is not agreed to in this document. The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document. The Guidelines range will be determined by the District Court and shall not be subject to appeal.

(2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

On March 1, 2004, Movant was sentenced to 120 months imprisonment, followed by supervised release for four years. No direct appeal was filed. As stated above, the instant § 2255 Motion was filed on February 22, 2005[1], alleging the following two grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that his counsel failed to file a notice of appeal; and

(2) That Movant received ineffective assistance of counsel, in that his counsel failed to, "argue and appeal the use of prior convictions which are related."

(§ 2255 Motion, P. 5).

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on December 11, 2003, and was sentenced on March 1, 2004. Movant had ten days to file a notice of appeal after the sentencing date. The present motion, filed February 22, 2005, thus is within the 1-year limitation period pursuant to § 2255.

- 2 -

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

As stated above, in Ground 1 of his § 2255 Motion, Movant maintains he received ineffective assistance of counsel, in that his counsel failed to file a notice of appeal. (§ 2255 Motion, P. 5). According to Movant, had his attorney filed a notice of appeal, he would have pursued a claim that

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

this Court erred in denying his objection regarding the use of prior convictions in paragraphs 28, 31, and 34 of the presentence report. (Id.).

"An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 2006 WL 1300672 at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id., citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992).

> "The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed, however, Movant must show that he instructed his counsel to file an appeal. *See* Holloway, 960 F.2d at 1357.

Evans, 2006 WL 1300672 at *5. "The critical question, then, is whether Movant specifically asked his lawyer to file a notice of appeal." Id.[3]

In the instant case, Movant attaches to his § 2255 Motion an affidavit, in which he testifies in relevant part as follows:

[6]  That following my sentencing, that I told my attorney that I wanted to appeal the decision of the court regarding the calculation of my criminal history category;

[7]  That my attorney told me that although we waived the right to appeal, he [would] file the appeal, arguing that the waiver provision was unknowing and involuntary;

[8]  That this decision was reached following my telling Attorney Herman that I did not understand the waiver provision to be for a sentence which was not yet imposed, but rather for challenging my conviction on direct appeal;

[9]  That I subsequently learned from the court that no appeal had been filed; and

---

[3] "If Movant did ask for an appeal, his lawyer violated his Sixth Amendment rights by failing to complete the ministerial task of filing a notice of appeal." Evans, 2006 WL 1300672 at * 5 (internal quotations and citation omitted).

[10] That had I known that Attorney Herman was not going to appeal my sentence, that I would have filed a timely notice of appeal myself.

(§ 2255 Motion, attached Exh. A). Upon consideration of the foregoing, the Court will hold an evidentiary hearing to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant Ivory Jackson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **GRANTED** in part and **HELD IN ABEYANCE** in part.

**IT IS FURTHER ORDERED** that Movant's request for an evidentiary hearing is **GRANTED**, and the Court will hold an evidentiary hearing to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel.

**IT IS FURTHER ORDERED** that the presence and participation of Ivory Jackson, Inmate # 30284-044, is required for the evidentiary hearing, which will be held before this Court on **Tuesday, August 15, 2006**, at **12:30 p.m.**

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant Ivory Jackson, Inmate # 30284-044, from FCI Williamsburg, in Salters, South Carolina, to this Court, to attend this hearing.

**IT IS FURTHER ORDERED** that the remaining claims in Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) are **HELD IN ABEYANCE**, pending the outcome of the scheduled evidentiary hearing.

Dated this 6th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE